**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> *EX. REL.* DONALD MINGE, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> TECT AEROSPACE, INC., et al., ) <br> ) <br> Defendants. ) <br> ) | **CIVIL ACTION** <br><br> No. 07-1212-MLB |

**MEMORANDUM AND ORDER**

This case comes before the court on plaintiffs' motion for reconsideration (Doc. 67) and for leave to file an amended complaint (Doc. 69). The motions are fully briefed and ripe for decision. (Docs. 68, 70, 74, 75, 76, 77, 78). Plaintiffs' motion for reconsideration is denied and plaintiffs' motion to amend is granted for reasons herein.

**I.   Facts**

The facts relevant are set forth in this court's memorandum and order dated February 3, 2010. (Doc. 65).

**II.  Analysis**[1]

---

[1] In their motion for reconsideration of this court's order dismissing plaintiffs' qui tam claims, plaintiffs' assert that they did not need to plead that defective planes were delivered and that this court's interpretation of Tenth Circuit precedent conflicted with a previous interpretation by Judge Wesley Brown. (Doc. 68). Instead of filing this motion soon after this court's ruling, plaintiffs, however, waited until they had obtained additional information to comply with this court's order and simultaneously filed a motion to amend. These actions support the conclusion that plaintiffs believe their motion for reconsideration is without merit. Nevertheless, the court denies plaintiffs' motion for reconsideration as moot based on its decision, <u>infra</u>, to grant plaintiffs' motion to amend.

After a responsive pleading has been filed, a party may amend its complaint with the "opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "It is not necessary to show prejudice to the opposing party." Wopsock v. Natchees, No. 06-4215, 2008 WL 2152435, at *9 (10th Cir. May 23, 2008).

Defendants have three main objections to the filing of plaintiff's amended complaint: 1) a motion to amend after a summary judgment motion are disfavored; 2) plaintiffs have caused undue delay and 3) that the amendment is futile. Turning to the first objection, plaintiffs respond that the court did not rule on the merits when dismissing the qui tam counts and therefore, they should be able to amend as amendments after a dismissal under Fed. R. Civ. P. 9(b) are frequently allowed. The court agrees. See Cayman Exploration Corp. v. United Gas Pipe Line Co., 873 F.2d 1357, 1362-63 (10th Cir. 1989)("We do not consider, however, dismissal in these types of cases to be a hard and fast rule. The trial court has discretion instead to permit amendment of the defective pleadings if the circumstances warrant it.") While the court did view outside evidence in weighing the merits of the subject matter jurisdiction arguments, it did not utilize the evidence in dismissing the qui tam claims under Rule 9(b). The court only reviewed the sufficient of the allegations set forth in the third amended complaint to find that the claims were not plead with particularity. Therefore, the court declines to deny an amendment based on the fact that it has previously entered an order dismissing the qui tam claims.

The second argument presented by defendants is that plaintiffs

have failed to provide for an adequate explanation for the delay. Defendants infer that plaintiffs have had this information but failed to present it in the previous amendments. As noted by plaintiffs, the third amended complaint was filed on April 13, 2009. This case was unsealed after the United States denied the opportunity to intervene on March 31, 2009. (Doc. 16). Defendants' counsel entered an appearance in this case on April 24, 2009. Plaintiffs contend that the fourth amendment is necessary in order to add information that they recently received from the government. Defendants have no reason to dispute that contention. Moreover, this case has not yet entered discovery. Defendants only actions in this case were their filings of motions to dismiss and an answer. Plaintiffs' motion to amend has not created undue delay.

Finally, defendants argue that the amendment would be futile. Defendants admit that the fourth amended complaint has provided additional information but asserts that the additional information does not identify any specific claims for payment, planes delivered to the government and fails to specify a single false certification made to the government. In reviewing plaintiffs' complaint, the court must accept as true all well-pleaded facts and confine its analysis to the text in the complaint. <u>United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah</u>, 472 F.3d 702, 726 (10th Cir. 2006).

There are several significant additions present in the fourth amended complaint that were not in the third amended complaint. Specifically, plaintiffs have identified specific wing spar parts that were received and accepted by Raytheon. Additionally, plaintiffs have

-3-

identified aircraft which were received, accepted and paid for by the United States. Plaintiffs have alleged that defendants falsely certified that those aircraft conformed to the contracts. The allegations detail the contract number, shipment number, dates of shipment and payment. The court finds that these new allegations are sufficient to provide notice to defendants of the fraud allegations against them. With these new allegations defendants are now aware of the specific part numbers which were defective when delivered and accepted by Raytheon. In addition, plaintiffs have identified that the false statements were contained on the Form DD 250s submitted to the government. Moreover, plaintiffs have identified specific aircraft and their dates of delivery and payment.

The court therefore finds that the amendments would not be futile. The court also finds it is appropriate in this circumstance to allow plaintiffs to file their fourth amended complaint. The parties have not reached the discovery phase and defendants have only invested time on the motions to dismiss and filing an answer. Therefore, defendants will not be prejudiced by the filing of the amended complaint.

**III. Conclusion**

Plaintiffs' motion for reconsideration (Doc. 67) is denied and plaintiffs' motion to amend (Doc. 69) is granted. Plaintiffs are instructed to file their fourth amended complaint. This case is returned to the assigned magistrate judge for discovery. The court recommends that discovery be initially limited in this case to determining whether non-conforming parts were in fact present on the planes identified in the fourth amended complaint and the extent of

the false statements provided to the government at the time of the claim for payment. At the close of the initial discovery period, defendants may file a motion for summary judgment, if one is appropriate at that time.

IT IS SO ORDERED.

Dated this __2nd__ day of August 2010, at Wichita, Kansas.

                                                  s/ Monti Belot
                                                  Monti L. Belot
                                                  UNITED STATES DISTRICT JUDGE