# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA EX. REL. DONALD MINGE and DAVID KIEHL, and DONALD MINGE and DAVID KIEHL, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>TURBINE ENGINE COMPONENTS TECHNOLOGIES CORP., *et al.*,<br><br>Defendant. | Case No. 07-1212-MLB-KGG |

## MEMORANDUM AND ORDER

Before the Court is Plaintiffs' Motion to Amend (Doc. 117) in which Plaintiffs/Relators seek an Order allowing them to file their Fifth Amended Complaint "to add additional references to invoices with certifications for planes delivered during the time of the fraudulent scheme described in the Third Amended Complaint . . . and Fourth Amended Complaint . . . ." (Doc. 118, at 4.)

### BACKGROUND

Relators in this case have brought a False Claims Act pursuant to the *qui tam* provisions of 31 U.S.C. § 3730(b). They also bring a retaliatory discharge claim

under 31 U.S.C. § 3730(h). The Scheduling Order in this matter, which was entered on November 12, 2010, contains a summary of the case, which is incorporated by reference. (Doc. 98, at 1-4). That summary states, in relevant part, that

> [a]fter the relators filed a Third Amended Complaint (Doc. 18), the defendants filed motions to dismiss (Docs. 36, 38). The District Judge notified the parties of his intent to view those motions as motions for summary judgment under Rule 56, and then issued a Memorandum and Order denying the defendants' motions as to the retaliation claim, but granting the motions as to the remaining claims on the grounds that relators had not plead fraud with the particularity required under Rule 9(b). The Court ruled that the Third Amended Complaint failed to specify whether any planes were equipped with the allegedly defective parts and, if so, which parts and which planes. The Court also found that the complaint failed to adequately plead false claims for payment. (Doc. 65, pages 19, 22). Thereafter, relators filed a motion to file a Fourth Amended Complaint (Doc. 69). The proposed amendments included allegations concerning specific exemplar aircraft (paragraphs 293 and 294 of the Fourth Amended Complaint) which relators contend were manufactured and sold to the government with the specified defects and false representations. Defendants opposed the motion to amend. However, the Court granted the motion (Doc. 79) and ruled that the additional information provided in the information cured the previous Rule 9(b) deficiencies. However, in granting the motion the District Judge provided the following guidance to the parties and the Magistrate Judge concerning the management of this case:

> The court recommends that discovery be initially limited in this case to determining whether non-conforming parts were in fact present on the planes identified in the fourth amended complaint and the extent of the false statements provided to the government at the time of the claim for payment. At the close of the initial discovery period, defendants may file a motion for summary judgment, if one is appropriate at that time.

Doc. 79, page 5. As permitted by the Court, relators filed their Fourth Amended Complaint (Doc. 80).

. . .

This court intends to accept and follow the District Judge's recommendation. An initial period of discovery will be set to enable the parties to perform discovery directed to the topics specified by the Districts Court's order. During this initial period, discovery shall be limited to determining whether non-conforming parts were in fact present on the planes identified in the fourth amended complaint (those aircraft identified in paragraphs 293 and 294) and the extent of the false statements provided to the government at the time of the claims for payment.

Discovery on those topics may proceed within the scope of Rule 26(b) concerning any matters 'relevant to any party's claim or defense' regarding the specified issues. Because the Court has invited an interim motion for summary judgment at the conclusion of this period, discovery concerning defenses raised or available to the specified claims is appropriate. Discovery shall not extend to issues relating solely to damages, or relating solely to the retaliation claim at this time. After the initial

>discovery period, the court and parties may revisit these issues.

(Doc. 98, at 2-3.)

It was anticipated in the Scheduling Order that discovery on those initial topics would be completed within eight to ten months (between July and September of 2011). An additional status conference was set for April 7, 2010, before this Court to set final dates for the completion of the specified initial discovery, including the exchange of expert reports on those issues and the deposition of experts, and to set a deadline for the filing of initial dispositive motions as recommended by the District Judge. Based on statements of counsel at the April 7, 2010, conference, as well as from some of the pleadings and motions filed in this case, it appears that additional clarification of the Court's intent may be helpful.

The Relators survived a motion to dismiss their fraud claims after receiving permission to amend their complaint (the Fourth Amended Complaint, Doc. 80) to allege some specific aircraft relators contend were part of the alleged fraud. Relators describe these specifically identified aircraft as "exemplar" aircraft. Without subscribing to any legal conclusion which may be implied by the label, the Court adopts this adjective for convenience. In granting the motion to amend (Doc. 79), the District Court recommended limiting discovery as described, and

4

invited Defendants to file a motion for summary judgment, if appropriate, at the conclusion of the period of limited discovery.

In recommending this procedure, and in implementing the recommendation in the Scheduling Order, this Court has prescribed a procedure for testing relators' claims to determine whether the *qui tam* fraud action should proceed. This litmus test allows the parties to conduct full discovery on the limited issues concerning whether the relators can support their claims as to the exemplar aircraft sufficient to survive a summary judgement motion challenge. This necessarily means limiting or delaying discovery which might otherwise be appropriate, but the procedure may avoid the expense and delay caused by the very broad discovery which might be justified in this action. If, after this initial discovery period, the Relators' claims concerning the exemplar aircraft survive, broader discovery may ensue.

It is apparent to this Court that the intention of the District Court was specifically to limit the subject matter of this case during the initial, "litmus test" phase. As such, allowing Relators to expand the subject matter of the case <u>at the present time</u> through a Motion to Amend would contravene the specific intent of this Court as well as the District Court. The Court, therefore, **DENIES** Relator's Motion to Amend (Doc. 117) **without prejudice**, subject to potential renewal

should Relator's claims survive the interim dispositive motion(s) invited by the Court.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 21st day of April, 2011.

                                                   S/ KENNETH G. GALE
                                                   KENNETH G. GALE
                                                   United States Magistrate Judge