**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ) | | |
| EX. REL DONALD MINGE ) | | |
| and DAVID KIEHL ) | | |
| and ) | | |
| DONALD MINGE AND ) | | |
| DAVID KIEHL, ) | | |
| individually ) | | |
| ) | | |
| Plaintiff, ) | **CIVIL ACTION** | |
| ) | | |
| v. ) | No. 07-1212-MLB | |
| ) | | |
| TECT AEROSPACE, INC., ) | | |
| AND HAWKER BEECHCRAFT ) | | |
| CORPORATION. ) | | |
| ) | | |
| Defendant. ) | | |

**MEMORANDUM AND ORDER**

Before the court are the following:

1. Plaintiffs' Motion to Deem Allegations Admitted by the Defendants and to Strike Affirmative Defenses (Doc. 95);

2. Defendant TECT's Response to plaintiffs' motion (Doc. 96) and;

3. Defendant Hawker Beechcraft Corporation's Response to plaintiffs' motion. (Doc. 97).

Also before the court are:

4. Plaintiffs' fourth Amended Complaint (Doc. 70-1)

5. Defendant TECT's Answer to plaintiff's fourth Amended Complaint (Doc. 90) and;

6. Defendant Hawker Beechcraft Corporation's Answer to plaintiffs' fourth Amended Complaint (Doc. 92).

I.  **FACTS AND PROCEDURAL HISTORY**

This case comes before the court on plaintiffs' motion to Deem Allegations Admitted and to Strike Affirmative Defenses. On August 2, 2010 this court granted plaintiffs' motion to amend their complaint. Defendants TECT and Hawker Beechcraft (HBC) each filed their Answers to the fourth Amended Complaint on September 29, 2010. Plaintiffs filed this motion on October 5, 2010 claiming that defendants' answers to the fourth Amended Complaint are deficient, and their affirmative defenses are not plead correctly. Defendants both filed responses to this motion on October 19, 2010.  Defendants ask that the court find for the defendants, or in the alternative, grant the defendants leave to cure their Answers to the fourth Amended Complaint.

II. **DISCUSSION**

Plaintiffs claim that the defendants' Answers to the fourth Amended Complaint are deficient in three ways: 1) 36 of TECT's answers and 3 of HBC's answers improperly assert "lack of knowledge or information" when the information was easily discoverable; 2) 114 of TECT's answers and 158 of HBC's answers state "the document speaks for itself"; and 3) 193 of TECT's answers and 47 of HBC's answers deny allegations using the expression "denied as phrased". Plaintiffs argue that these responses are not proper denials under Fed. R. Civ. P. Rule 8, and move to have them admitted pursuant to Rule 8(b)(6). Further, plaintiffs move to strike all of defendants' affirmative defenses stated in their Answers to the fourth Amended Complaint.

**1. Plaintiffs' "Lack of Knowledge and Information" Argument**

In defendant TECT and defendant HBC's Answers to the plaintiffs' fourth Amended Complaint, defendants deny certain allegations due to

a lack of knowledge. Plaintiffs argue that 36 of TECT's denials and 3 of HBC's denials should be deemed admitted because the defendants could have discovered this information by speaking with their agents and corporate predecessors. This argument is without merit, as illustrated by plaintiffs' failure to cite any primary authorities supporting this argument. Furthermore, this court knows no law in the Tenth Circuit that would support plaintiffs' argument. "A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial." Fed. R. Civ. P. 8(b)(5). "To require Defendants to do more at this stage, or to interpret any of their denials as unstated admissions, would be to run afoul of the requirement that the Court construe the pleadings in the interest of justice as required by Rule 8(e)". Sykes v. Cigna Life Ins. Co., 2010 WL 3324261, at *3(N.D. Cal. 2010).

**2. Plaintiffs' "Document Speaks for Itself" Argument**

Plaintiffs take issue with defendants' inclusion at several points in the Answers to the fourth Amended Complaint that "the document speaks for itself", which violates Fed. R. Civ. P. 5(b)(2)'s requirement that the response "fairly responds to the substance of the allegations. . ." Plaintiffs' argument is without merit, and lacks support in case law. Although plaintiffs are correct that this response, standing alone, would not meet the requirements of Rule 8, defendants also made admissions and denials as they deemed necessary given the substance and extent of the allegations in each paragraph. Furthermore, with respect to requests for admissions, the District Court in Kansas held that ". . .a document speaks for itself, and the

-3-

court can see no purpose in submitting requests for admission about what is or is not said in a document." <u>Mitchell v. Yeutter</u>, 1993 WL 139218, at *1 (D. Kan. 1993). Defendants fairly responded to the substance of the allegations.

### 3. Plaintiffs' "Denied as Phrased" Argument

Plaintiffs argue that defendants' inclusion of the response "denied as phrased" in their Answers to the fourth Amended Complaint violates Fed. R. Civ. P. 8(b)(2) and 8(b)(4). Rule 8(b)(2) states that a denial must fairly respond to the "substance" of the complaint, and Rule 8(b)(4) states that a party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest. Defendants have failed to follow these rules. Denying an allegation "as phrased" does not speak to the "substance" of the complaint, but rather to the form of the complaint. This leaves both plaintiffs and this court confused as to what exactly defendants are denying. For example, defendant TECT denies "as phrased" allegation 24 of plaintiffs' fourth Amended Complaint which states "[A]t all relevant times, with respect to the allegations below concerning the JPATS and King Air programs, each Defendant was the authorized agent of each other Defendant". It is not clear what defendants are denying, but it is clear that a denial "as phrased" does not fairly respond to the substance of the complaint.

Furthermore, denying an allegation "as phrased", rather than using a general denial, implies that defendants would admit part of the allegation. Defendants, in denying allegations "as phrased", have failed to specifically designate the part of the allegation they wish

to admit, which does not conform to Rule 8(b)(4).

### 4. Plaintiff's Motion to Strike Affirmative Defenses

Finally, plaintiffs move the court to strike defendants' affirmative defenses pursuant to Rule 12(f) because they do not line up with the Supreme Court's decision in Twombly requiring that a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007). Plaintiffs argue that the "plausible on its face" standard applies to affirmative defenses. District Courts in Kansas are split on this matter. *See e.g.,* Hayne v. Green Ford Sales, Inc., 263 F.R.D. 647, 649-51 (D. Kan. 2009) (holding that the heightened pleading standard in Twombly applies to affirmative defenses); *but see,* United States ex rel. Smith v. Boeing Co., No. 05-cv-1073-WEB, slip op. at 4-5 (D. Kan. 2009)(holding that Twombly does not apply to affirmative defenses and the key to pleading affirmative defenses is fair notice).

This court will not deviate from the traditional standard of review with respect to Rule 12(f) motions. "Rule 12(f) motions are a generally disfavored, drastic remedy." Roderick Revocable Living Trust v. XTO Energy, Inc., 2009 WL 603641, at *2 (D. Kan. 2009). "The key to pleading an affirmative defense is to give the plaintiff fair notice of the defense." Siuda v. Robertson Transformer Co., 1992 WL 79331, *3 (D. Kan. 1992). "A defense is considered insufficient if it cannot succeed, as a matter of law, under any circumstances." Wilhelm v. TLC Lawn Care, Inc., 2008 WL 474265, *2 (D. Kan. 2008). Finally, a Rule 12(f) motion may only be granted when the plaintiff has shown

prejudice. Id. Here, plaintiffs have failed to assert that defendants have not given them "fair notice" as to what their potential defenses will be, or that they are in any way prejudiced by the conduct of defendants. For these reasons alone, plaintiffs' motion to strike is without merit.

**III.  Conclusion**

Plaintiffs' Motion to Strike Affirmative Defenses is denied. Plaintiffs' Motion to Deem Allegations Admitted is granted in part, and denied in part. Deeming allegations admitted is an extreme remedy, therefore, Defendants have 14 days to file amended answers that conform with this order and Rule 8 , or those answers will be deemed admitted pursuant to Fed. R. Civ. P. Rule 12(f).

A motion for reconsideration of this order is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992).  Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in Comeau. The response to any motion for reconsideration shall not exceed three pages.  No reply shall be filed.

IT IS SO ORDERED.

Dated this ___21st___ day of June 2011, at Wichita, Kansas.

                                       s/ Monti Belot
                                       Monti L. Belot
                                       UNITED STATES DISTRICT JUDGE