# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA<br>EX. REL. DONALD MINGE and<br>DAVID KIEHL, and DONALD MINGE<br>and DAVID KIEHL, individually,<br><br>      Plaintiffs,<br><br>vs.<br><br>TURBINE ENGINE COMPONENTS<br>TECHNOLOGIES CORP., *et al.*,<br><br>      Defendants. | Case No. 07-1212-MLB-KGG |

### ORDER GRANTING IN PART AND DENYING IN PART
### RELATORS' MOTION TO COMPEL RESPONSES
### TO SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

Before the Court is Relators' Motion to Compel Hawker Beechcraft Corporation's (HBC) Responses to Relators' 2nd Request for Production of Documents (Doc. 135). This case is subject to an order limiting this stage of discovery to particular claims, and much of the parties' discovery disputes focus on the effect of that limitation. In some instances, Defendant urges an overly narrow reading of that limitation. Relators, on the other hand, argue that the limitation is meaningless, allowing an unrestricted exploration of years of manufacturing practices. In some instances, Relators have failed to adequately demonstrate that some of the requests are within the scope of discovery.

## General Objections

Defendant introduced its responses to Relators' requests for production with nine "General Objections," followed by a tenth which incorporates those objections into each discovery response. Objections Nos. 1 - 8 object to any request "to the extent" it violates a stated rule. This type of objection is, at best, worthless and improper. *Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 660-61 (D. Kan. 2004). At worst, such an objection leaves the discovery proponent unsure whether or not the objection correlates to withheld information. Objections Nos. 1 - 8, and 10, are **overruled**. Objection No. 9 is more benign but equally superfluous. That paragraph warns that producing a document does not concede its admissibility or relevance – a correct, if obvious, statement which is not a proper objection.

## Scope of Limited Discovery

The Court limited discovery in this stage of the case to "determining whether non-conforming parts were in-fact present on the planes identified in the fourth amended complaint (those aircraft identified in paragraphs 293 and 294) and the extent of the false statements provided to the government at the time of the claims for payment." (Doc. 98 at 3). The parties urge competing interpretations of this limitation.

The discovery limitation must be read together with Relators' stated theory concerning how the aircraft parts at issue on the specific aircraft were "nonconforming." Relators claim that the nonconformity was an unreliable manufacturing *process*. The discovery of evidence of the manufacturing processes and practices used to manufacture the identified aircraft is proper in this case even if that evidence does not relate exclusively to the identified aircraft. Such discovery should be limited to information which is probative of identifying processes and practices used to manufacture the parts at issue on the identified aircraft, but need not be limited

to those aircraft. As a practical solution to this issue, the Court will allow discovery into the process of manufacture of the type of spar at issue during the time the spars for the identified aircraft were manufactured and, to help provide context, during a six month period before and after that time.

When the District Judge suggested the discovery limitation implemented by the Court, he invited Defendant, at the close of this initial discovery period, to file a motion for summary judgment on the identified aircraft. (Doc. 79, at 5.) Therefore, for Relators' to oppose a motion for summary judgment challenging their claims as to the specified aircraft, they will be required to provide evidence to supporting their False Claims Act case. Proof of those claims will require proof of a knowingly false claim submitted to the United States government. *See* 31 U.S.C.A. § 3729(a). Therefore, discovery, even at this stage of the case, must be broad enough to allow Relators access to evidence that could reasonably demonstrate scienter. This includes discovery reasonably targeted to Defendants' knowledge and intent about alleged untrue statements made to the government.

### Specific Requests

The task now falls to the Court to apply the above-stated principals to the specific discovery requests at issue. The movant bears the burden of establishing that the requests are relevant on their face. ***Learjet Inc. v. MPC Products Corp***., No. 05-1074-MLB-DWB, 2007 WL 2287836, at *1 (D. Kan. Aug. 8, 2007) (citing ***Swackhammer***, 225 F.R.D. at 661, 662, 666 (D. Kan. 2004)). Once the movant meets this low threshold of relevance, the burden shifts to Defendant as the party opposing the discovery request. *Id*. (internal citations omitted). Defendant, as the party resisting discovery, is required to support its objections with reasonable particularity in response to Relators' motion. *See e.g.,* ***Continental Ill. Nat'l Bank & Trust Co.***

*of Chicago v. Caton*, 136 F.R.D. 682, 685 (D.Kan.1991) (requiring a party resisting a discovery request based on relevancy grounds bears the burden of explaining how "each discovery request is irrelevant, not reasonably calculated to the discovery of admissible evidence, or burdensome").

The requests at issue are largely technical and, perhaps overestimating the Court's technical savvy, neither party has provided as much explanation as might have been preferred. The Court will, however, rule based on the information provided, and with the intention of ruling in conformity with the general principals stated.

This dispute concerns the manufacture of a particular aircraft part known as a "spar." The spar is a component of the aircraft wing. The current stage of discovery is limited to the false statements concerning the manufacture of spars installed on 41 specific aircraft (the "identified aircraft"). Most of the spars on the identified aircraft were manufactured from April 24, 2006, through June 22, 2007. Defendant concedes that two of the identified aircraft had spars manufactured prior to that period.

Defendant manufactured the type of aircraft, and predecessor types of aircraft, for years before and after this period. Relators contend that the history of design and product development covered a period of 15 years. Relators request access to documents covering the entire period of production to demonstrate the planned process for manufacturing the spars, the actual process for manufacturing the spars, and any knowledge that Defendant knew that certain techniques being used created non-conforming spars.

**Documents limited to <u>types</u> of spars installed on identified aircraft, even if installed on other aircraft or not installed, during limited time period**: The Court will allow discovery of manufacturing techniques <u>intended</u> (planned, contracted, promised) or <u>actually used</u> to

manufacture the <u>types</u> of spars installed on the identified aircraft during, and within 6 months before or after, the manufacture of any spar installed on an identified aircraft, regardless of whether the spars were installed on an identified aircraft. The Court grants Relator's motion to compel limited to requested documents relating to the types of spars installed on identified aircraft manufactured within 6 months of the manufacture of any spar installed on an identified aircraft:  Requests Nos. 3, 6, 8, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 31, 32, 33, 36, 37, 38, 40, 46, 47, 48, 56, 57, 58, 59, 63, 66, 71, 72, 79, 80, 81, 82, 83, 85, 86, 94, 96, 97, and 98 .

**Documents which address alleged improper techniques on types of spar regardless of time**:  Further, the Court will allow discovery into documents which <u>actually</u> address the use of the techniques alleged as improper as to the of the type of spar at issue throughout the history of the program, up to the present day. This discovery includes only evidence of the use of "hand forming" or "hot forming" as alleged in Relators' Fourth Amended Complaint. (Doc. 80.)  Also allowed is discovery of documents or communications concerning such practices, and changes in those practices over time, up to the present.   The Court grants Relators' motion to compel limited to documents, not produced under one of the previous categories, which actually address the alleged improper manufacturing techniques, regardless of time limitation.  Requests Nos. 8, 17, 18, 19, 20, 21, 32, 33, 35, 39, 41, 42, 43, 58, 59, 76, 83, and 84.

**The Court DENIES Relators' motion to compel as to the following requests for which Defendant's stated limitation in its response is appropriate**:  Requests Nos. 1, 2, 65, and 67.

**The Court DENIES Relators' motion to compel as to the following requests for which Relators have made an insufficient showing that the request is relevant or may lead to relevant evidence**:  Request No. 64.

**The Court GRANTS Relators' motion to compel** (and overrules Defendant's objections) as to the following requests to which Defendant objected, then stated it would produce as requested. The following documents are ordered produced as requested: Requests Nos. 4, 5, 9, 44, 45, 60, 62, 68, 69, 70, and 95.

**The Court GRANTS Realtors' motion to compel without limitation** regarding the following: Requests Nos. 73, 74, 75, 77, and 78.

**The Court DENIES Relators' motion to compel a response to Request 106** as over-broad. The Court agrees with Relators that they would be entitled to a formal response concerning Electronically Stored Information practices, but that request should be tailored to cover information properly sought in this case. The request as stated would require an explanation of all HBC policies and practices.

Relators' motion is, therefore, **GRANTED in part** and **DENIED in part** as more fully set forth above.

**IT IS SO ORDERED**.

Dated this 1st day of July, 2011.

      S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge