# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

UNITED STATES OF AMERICA *EX REL.* )
MINGE, *et al.*, )
                                  Relators, )
                                   )
vs. )    Case No. 07-1212-MLB
                                   )
TECT AEROSPACE, INC., *et al.*, )
                                   )
                            Defendants. )
_____ )

## ORDER ON RELATORS' MOTION TO COMPEL ANSWERS FROM TECT DEFENDANTS TO RELATORS' FIRST REQUESTS FOR PRODUCTION

Before the Court is Relators' Motion to Compel Answers from TECT Defendants to Relators' First Request for Production. (Doc. 144.) The issues relating to the parties' dispute concerning these discovery requests are largely identical to those addressed by the Court in its Order (Doc. 172) granting in part and denying in part Relators' Motion to Compel Hawker Beechcraft Corporation's Responses to Relators' 2nd Request for Production of Documents (Doc. 135). As such, the Court incorporates, as part of the basis for this ruling, the sections of that Order subtitled "Scope of Limited Discovery" and, except for the reference to numbered requests, "Specific Requests." (*See* Doc. 172, at 2-6.)

**GENERAL OBJECTIONS**

Defendant TECT interposed general objections introductory to its responses. General objections, not applied individually to requests, are typically useless and should be avoided. *Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 660-61 (D. Kan. 2004). Some of Defendant's objections, however, deserve specific attention.

Objection No. 1 states the objection to providing documents which TECT contends are outside the scope, both substantively and temporally, of the limited discovery order. The Court has addressed this issue in its previous ruling, which is incorporated herein.

Objection No. 2 objects to any request which uses the words "relating to" or "regarding." While it is true that some such requests, when they reference general categories of information, may be over broad, other requests which adequately describe and limit the requests are not. *A.M. ex rel. Conservator v. Burr*, 07-4040-MLB, 2007 WL 4180396, at *2 (D. Kan. Nov. 21, 2007). This objection is overruled. Objections concerning specific requests will be considered.

Objection No. 3, which objects to Relators' definitions, is an improper "to the extent" objection which provides the Court no assistance in determining what, if any actual definition the respondent finds objectionable. *Heartland Surg. Specialty Hosp., LLC v. Midwest Div.*, No. 05-2164-MLB-DWB, 2007 WL

2192860, n.2 (D. Kan. July 25, 2007) (citing *Swackhammer*, 225 F.R.D. 658, 660-61). That objection is overruled.

Objection No. 4 objects to producing documents outside of TECT's possession, custody or control. While it is true that a respondent cannot and, thus, need not produce such documents, this is not a proper objection. The proper response to such a request is a simple statement that the respondent does not have the documents. This objection also extends to documents which are publically available, equally available to Relators, or already in Relators' possession. That objection is overruled.

General Objection No. 5, states:

> TECT objects to each and every request that seeks disclosure of documents or information subject to the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, doctrine or limitation on discovery. TECT deems such protected documents as not intended to be within the scope of these requests, and will not, and does not intend by these responses, to waive the privilege afforded such protected documents.

This objection is improper. TECT is not permitted to pretend that requests for documents it considers privileged were not made. Rather, it is required to respond to the request by raising the privilege and describing the documents sufficiently, through a privilege log, for other parties to assess the claim of privilege. Fed. R. Civ. Proc. 26(b)(5)(a). This objection is overruled.

General Objections 6 and 7, which object to any request that is improper under the Federal Rules, and which state that a response does not concede the admissibility of any document, are overruled for the reasons stated in the Court's previous rulings in this case. (*See* Docs. 154, 172.) General Objection No. 8 is not a proper objection, but reserves the right of TECT to supplement it responses when it discovers additional information. This duty exists with or without Defendant's objection. *See* Fed.R.Civ.P. 26(e).

**Specific Requests**

**Documents limited to <u>types</u> of spars installed on identified aircraft, even if installed on other aircraft or not installed, during limited time period**: The Relators are entitled to conduct discovery into the <u>process</u> used to manufacture the spars on identified aircraft. The Court will allow discovery of manufacturing techniques <u>intended</u> (planned, contracted, promised) or <u>actually used</u> to manufacture the <u>types</u> of spars installed on the identified aircraft during, and within 6 months before or after, the manufacture of any spar installed on an identified aircraft, regardless of whether the spars were installed on an identified aircraft. The Court **GRANTS** the Relator's motion to compel limited to requested documents relating to the types of spars installed on identified aircraft manufactured within 6 months of the manufacture of any spar installed on an identified aircraft: Requests Nos. 1, 2, 3, 5, 6, 8 , 9, 10, 11, 12, 13, 14, 15, 17, 18,

23, 24, 25, 26, 29, 30, 32, 34, 35, 42, 46, 47, 56, 57, 61, 63, 65, 74, 75, 76, 78, 80, 81, 82. 83, 84, 85, 86, 87, 89, 90, 91, 93, 95, 96, and 100. Documents concerning materials should be produced if they are applicable to materials used for spars during this period.

**Documents which address alleged improper techniques on type of spar regardless of time**: Relators are entitled to conduct discovery targeted to learning Defendant's knowledge that the alleged false claims were knowingly made. (*See* Doc. 172). Therefore, the Court will allow discovery into documents which <u>actually</u> address the use of the techniques alleged to be improper as to the type of spar at issue throughout the history of the program, up to the present day. This discovery includes only evidence of the use of "hand forming" or "hot forming" as alleged in Relators' Fourth Amended Complaint. (Doc. 80.) Also allowed is discovery of documents or communications concerning such practices, and changes in those practices over time, up to the present. The Court **GRANTS** Relator's motion to compel limited to documents, not produced under one of the previous categories, which actually address the alleged improper manufacturing techniques, regardless of time limitation. Requests Nos. 5, 8, 9, 10, 11, 21, 24, 25, 26, 27, 31, 32, 33, 34, 35, 61, 64, 69, 78, 93, 95, 96, 103, and 104. (Some of these Requests are also listed in the above paragraph; such documents need be produced as to spars manufactured outside of the time period in the previous section only if

they address the alleged improper techniques.)

**The Court DENIES Relators' motion to compel as to the following**: Request No. 39 because Relators have made an insufficient showing that the request is relevant or may lead to relevant evidence.

**The Court GRANTS Realtors' motion to compel without limitation** the following: Requests Nos. 36, 37, 43, 44, 45, 62, 66, 67, 68, 70, , 88, 92, and 94.

**The Court GRANTS Relators' motion to compel as to the following**: Request No. 40 limited to 7075T73511 QQ-A-200/11 or 2024 T3511 QQ-A-2-00/3.

**The Court GRANTS Relators' motion to compel as to the following**: Requests Nos. 109-111, which are personnel files of Relators and David Roll, a key witness. This evidence will be relevant later to the retaliation claims, and thus eventually discoverable. However it is relevant at this stage because the Relators and Mr. Roll are important witnesses as to the claims now at issue. *Williams v. Board of Co. Comm'rs*, No. 98-2485-JTM, 2000 WL 823909, at *4-5 (D. Kan. June 21, 2000). Mr. Roll's file should contain copies of documents redacted as to his Social Security number and should be produced under the protective order entered in this case. The parties should work together to determine if additional information within the file is private, confidential, and/or irrelevant to this case.

The Relators' motion is, therefore, **GRANTED in part** and **DENIED in**

**part** as set forth above. The TECT Defendants will provided the supplemental responses required by this ruling on or before **July 29, 2011**.[1]

**IT IS THEREFORE ORDERED** that Relators' Motion to Compel Answers from TECT Defendants to Relators' First Requests for Production (Doc. 144) is **GRANTED in part** and **DENIED in part** as more fully set forth above.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 8th day of July, 2011.

                                       S/ KENNETH G. GALE
                                       KENNETH G. GALE
                                       United States Magistrate Judge

---

[1] Although a deadline was not stated in the Court's corollary Order (Doc. 172), the Court incorporates this same deadline into that Order. As such, Defendant Hawker Beechcraft Corporation also should provide to Relators any responsive information required by the Court's July 1, 2011, Order on or before July 29, 2011.