# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| *EX REL.* MINGE, *et al.*, | ) | |
| | ) | |
| Relators, | ) | |
| | ) | |
| vs. | ) | Case No. 07-1212-MLB |
| | ) | |
| TECT AEROSPACE, INC., *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER DENYING RELATORS' MOTION FOR RECONSIDERATION

Relators move for reconsideration (Doc. 156) of certain aspects of this
Court's Order (Doc. 154) compelling the production of documents.  Relators'
primary argument is that although the Court followed legal principals in applicable
case law within this jurisdiction, it failed to consider more expansive legal
principals espoused in others.  Because such an argument does not support a
finding of "clear error" or "manifest injustice" as required for a motion for
reconsideration (D. Kan. Rule 7.3(b)), the motion is **DENIED**.

## DISCUSSION

Relators urge reconsideration because of "clear error" or "manifest
injustice."  (Doc. 157, p. 1).  But reconsideration on these grounds is appropriate

only "where a court has obviously misapprehended a party's position [on] the facts or the law, or a court has mistakenly decided issues outside of those the parties presented for determination." ***Anderson v. United Auto Workers,*** 738 F. Supp. 441, 442 (D. Kan. 1990).  "A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." ***Voelkel v. Gen. Motors Corp***., 846 F. Supp. 1482, 1483 (D.Kan. 1994), aff'd, 43 F.3d 1484 (Table)(10th Cir. 1994).

Relators urge reconsideration of the Court's application of the principle that the common interest doctrine is a rule limiting the application of waiver of a privilege, not a rule creating a separate privilege.  In doing so, Relators concede that the Court has followed local precedent, but argue that courts in other jurisdictions have expanded the principal to create a separate privilege which would, for example, shield communications from a party to a co-parties' attorney. Even if the Court would consider following the more expansive view of the doctrine, a motion for reconsideration does not create an appropriate opportunity to do so.  The Court's previous ruling, which followed law from this District, did not create manifest injustice or constitute clear error.

Two matters raised in the present motion deserve separate attention.  First, Relators now argue for the protection, as either attorney-client communications or as work product, of a document the parties call the "Minge Memorandum."  This

document is a memorandum (or are memoranda) prepared by Relator Minge "for the government" commenting on certain documents.  (Doc. 129-3).  In their discovery responses, Relators identified the Minge Memoranda and stated that it would be produced.  *Id*.  The document was produced.  Relators now explain that the Minge Memorandum was produced inadvertently.  The Minge Memorandum does not appear on Relator's privilege log.  Relators claim that the document is privileged under the common interest doctrine, either as a privileged communication between Relator Minge and government counsel or as the Government's work product.

The production of the document, if unintentional, does not waive a privilege. Fed.R.Civ.P. 26(a)(5)(b).  However, the failure to make a timely objection to the document, even when identifying the document in discovery responses and stating that it will be produced, does constitute waiver.  *See Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 541 (10th Cir. 1984) (upholding a finding that privilege was waived when it was not specifically asserted until petitioner filed a motion for reconsideration).  Additionally, Relators' claim of privilege for this document relies on the expanded application of a common interest privilege, which would either protect the communications from Relator Minge to government counsel, or empower Relators to assert the government's work-product privilege.  The Court has rejected that expansion of the rule.

The second matter is Relators' concern that the Court has, in its previous ruling, incorrectly categorized some of the e-mail communications associated with certain rulings.  (Doc. 154, at 17-20, n.3, 4, 5, 6).  These categorizations were based upon the, in some instances, sparse, descriptions in Relators' privilege log.  The Court specifically stated that the "categorical rulings control over the footnote listings."  *Id*. at 17.  The Court is hopeful that the parties can, without further Court intervention, make appropriate corrections to the lists if necessary to conform to the rulings.

**IT IS THEREFORE ORDERED** that the Relators' motion is **DENIED** for the reasons set forth above.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 18th day of August, 2011.

 s/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge