# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA *EX REL.* )
MINGE, *et al.*,                   )
                                   )
            Relators,            )
                                   )
vs.                                )    Case No. 07-1212-MLB
                                   )
TECT AEROSPACE, INC., *et al.*,    )
                                   )
                                   )
            Defendants.         )
_____ )

### ORDER ON RELATORS' MOTION FOR MODIFICATION OF THE SCHEDULING ORDER AND EXTENSION OF DISCOVERY CUT-OFF AND OF DEADLINE TO SUBMIT <u>CONFIDENTIAL SETTLEMENT REPORT</u>

Before the Court is Relators' motion to modify the current scheduling order (Doc. 202) to amend various deadlines and increase the authorized depositions limit. (Doc. 302). The Court will deny Relators' motion for a general extension of discovery, and deny the request to take additional depositions or issue new discovery. However, the Court will hold a hearing following the Court's rulings on pending discovery motions to determine if additional discovery is necessary to remedy deficiencies, if any, in any parties' discovery responses. The deadline to submit confidential settlement reports, and the deadlines to submit expert reports and to file dispositive motions are suspended, to be re-set at that hearing.

## Procedural History of the Case

Relators bring this *qui tam* action under the False Claims Act, 31 U.S.C. § 3730(b). The case also includes a count for retaliatory discharge from employment under 21 U.S.C. § 3730(h). After Relators filed a Third Amended Complaint (Doc. 18), Defendants filed motions to dismiss (Docs. 36, 38). The District Judge notified the parties of his intent to view those motions as motions for summary judgment under Rule 56, and then issued a Memorandum and Order denying Defendants' motions as to the retaliation claim, but dismissing the *qui tam* claims on the grounds that Relators had not plead fraud with the particularity required under Rule 9(b). The Court ruled that the Third Amended Complaint failed to specify whether any aircraft were equipped with the allegedly defective parts and, if so, which parts and which planes. The Court also found that the complaint failed to adequately plead false claims for payment. (Doc. 65, pages 19, 22).

Thereafter, Relators filed a motion to file a Fourth Amended Complaint (Doc. 69). The proposed amendments included allegations concerning specific aircraft (paragraphs 293 and 294 of the Fourth Amended Complaint, referred to here as "exemplar" aircraft) which relators contend were manufactured and sold to the government with defects and false representations. The Court allowed the amendment over Defendants' objections (Doc. 79) and ruled that the additional information provided in the information cured the previous Rule 9(b) deficiencies.

However, in granting the motion the District Judge provided the following guidance to the parties and the Magistrate Judge concerning the management of this case:

> The court recommends that discovery be initially limited in this case to determining whether non-conforming parts were in fact present on the planes identified in the fourth amended complaint and the extent of the false statements provided to the government at the time of the claim for payment. At the close of the initial discovery period, defendants may file a motion for summary judgment, if one is appropriate at that time.

(Doc. 79, at 5.) As permitted by the Court, relators filed their Fourth Amended Complaint (Doc. 80).

Relators' theory, explained in their Fourth Amended Complaint (Doc. 80, "the Complaint"), is that the parts at issue (wing spars) were "manufactured using a defective process." Relators identified certain aircraft as examples of a broader category of aircraft they contend were impacted by the alleged deficient process.

This Court interprets the purpose of the District Judge's recommendation as a "litmus test" for Relators' theories, intended to allow the parties to conduct discovery limited to determine whether Relators can support their claims as to the exemplar aircraft sufficient to survive a summary judgment challenge. The intent of this initial procedure is to require Relators to establish their basic claims concerning the exemplar aircraft before allowing the more extensive discovery which may be required to prove their broader claims. By recommending limited

discovery in this initial phase, and by providing Defendants an earlier opportunity to file a dispositive motion, the District Judge intended to require Relators, whose claims had been resuscitated only by the fourth amendment to the complaint, to establish that the parts installed on the exemplar aircraft were defective, before allowing broader discovery and litigation covering the entire manufacturing program.

Thus, the parties began the current period of limited discovery with the Court's Scheduling Order entered in November of 2010 (Doc. 98). In that Order this Court announced its intent to follow the District Judge's recommendation, thus limiting initial discovery to the specified issues. The Scheduling Order provided that discovery on those topics may proceed within the scope of Rule 26(b) concerning any matters "relevant to any party's claim or defense" regarding the specified issues. Because the District Judge invited an interim motion for summary judgment at the conclusion of the period of initial discovery, discovery concerning defenses raised or available to the specified claims was deemed appropriate. Discovery was reserved on issues relating solely to damages, or relating solely to the retaliation claim. In the Scheduling Order, the limited discovery was to be completed within eight to ten months (by July to September 2011), with a final discovery deadline to be set at a scheduled April 2011 status conference. Depositions on the limited discovery issues were limited to twenty

(20) for each side.

A Second Scheduling Order (Doc. 139) was entered on April 12, 2011, following the status conference. The discovery deadline was set as September 30, 2011, with the qualification that it would be revisited at a July 2011 status conference and could be extended for "good cause." At the July conference, the Court and parties planned to 1) affirm or, for good cause shown, extend the initial period of discovery; 2) set deadlines for exchanging expert reports and deposing experts on the specified issues within the initial discovery period; and 3) set a deadline for filing dispositive motions on the initial issues.

Throughout the period of initial discovery, through the discovery and motions process, the Defendants have maneuvered to limit, and the Relators to expand, discovery based on competing interpretations of the discovery limitation recommended by the District Judge and applied by this Court. The Court rejected the parsimonious interpretation urged by the Defendants, but resisted efforts by Relators to open discovery to the whole history of parts manufactured under the program at issue. The Court first addressed this conflict in a July 1, 2011, Memorandum and Order Granting in Part and Denying In Part Relator's Motion to Compel (Doc. 172). The Court allowed some specific and limited discovery into the manufacture of parts used on aircraft other than the exemplar aircraft, to the extent the information was relevant to determining the manufacturing process used

on the aircraft identified in the complaint. These principles were repeated and applied in the Court's Order of July 8, 2011 (Doc. 175).

Following these rulings, on July 20, 2011, the Court held a telephone hearing on Relators' Motion to Modify the Second Scheduling Order (Doc. 160). Over Defendants' objections (Doc. 171), the Court granted Relators' motion (Doc. 160) to extended the deadline to complete fact discovery to November 30, 2011, and scheduled a conference for November 10 to set expert and dispositive motions deadlines. (Docket entry July 20, 2011).

The Court held an in-person status conference with counsel on November 10, 2011. Relators requested a substantial extension of the discovery period to complete discovery, which they claimed was necessitated by a large volume of documents produced by Defendants. The Defendants opposed this request, except for the need to complete a few additional depositions. Over Defendants' objections, the Court entered a Third Scheduling Order (Doc. 202), granted Relators' motion and extended the period of discovery on the limited issues to March 1, 2012, the date requested by Relators. The Court also set a March 1, 2012, date for the submission of confidential settlement reports. Other limitations, including the 20 depositions per party limitation, were repeated. Expert disclosure deadlines were set in May, July, and August of 2012. A deadline of October 5, 2012, was set for the filing of dispositive motions on the limited issues specified by

the District Judge.  The Court expressed its disinclination to move the dates again.  (Exhibit B, attached to Doc. 313).

Since the entry of the first Scheduling Order 16 month ago, this Court has issued rulings on seven discovery motions filed by all parties (Docs.154, 172, 175, 189, 203, 219; 11/3/11 oral motion).  These disputes have, no doubt, hampered the progress of discovery.  In addition, there are at least seven other discovery motions currently pending before the Court.

Relators now request additional adjustments to the Third Scheduling Order.  They cite a "dramatic imbalance between the parties in access to information," a reference to the fact that except for Relators' (perhaps substantial) personal knowledge, all the records relating to parts manufacture are the Defendants'.  Relators request that the deadline to close discovery be extended to 60 days after Defendants have responded to all paper discovery (referring to pending motions relating to discovery).  They ask for a suspension of the deadline to submit confidential settlement reports.  They also request an expansion of the deposition limitation, explaining that they have exhausted the 20 deposition allowance, and that they need up to 30 more depositions to further explore engineering issues which they contend were not fully answered by engineers already deposed.

Defendant Hawker opposes the present motion, claiming that Relators have not shown good cause for the requested extension (Doc. 313).  Hawker arguments

include that Relators did not start taking depositions until forty-five days before discovery was to end. They point out that Relators did not propound any discovery or notice any depositions from June 2011 until the November 2011 status conference. Relators respond that delays in deposition discovery were caused by Defendants' recalcitrance in responding to paper discovery (Doc. 325).

This period of limited discovery was recommended by the District Judge, and constructed by the Magistrate Judge, to be limited in scope and time. The District Judge allowed Relators to amend their claims after the heart of their case had been dismissed. However, before allowing this complex and far-reaching case to expand into general discovery, the parties were to be allowed limited discovery and an early dispositive motion opportunity to test the specifically-plead claims. This Court generously interpreted the recommended discovery limitation, allowing an expanded inquiry into areas beyond, but related to, the claims concerning the exemplar aircraft. The Court has extended the period of initial discovery at least twice at Relators' request over Defendants' objections.

Relators' new request threatens the purpose of the initial discovery period, which was to avoid broad-reaching discovery into the program if the Realtors are unable to support their allegations concerning the exemplar aircraft. The deadlines in this case may be modified only for good cause shown. This requires a showing that the Relators could not reasonably comply with the deadline despite acting

diligently and in good faith. ***Deghand v. Walmart Stores, Inc***., 904 F. Supp. 1218 (D. Kan. 1995). Extensive discovery has occurred, and Relators have taken twenty depositions. Assuming Realtors had a factual basis for the claims made in their Fourth Amended Complaint (see Fed. R. Civ. Proc. 11), the Court finds that Relators have had sufficient opportunity to complete discovery to support those allegations, and that good cause to expand discovery further is not shown. The Court will not extend the discovery deadline or permit the additional depositions. That portion of the motion is **DENIED**.

However, the Court has at least seven pending discovery motions, some of which are not yet ripe for ruling, relating to discovery served by the parties within the discovery period. Those rulings may result in orders requiring parties to complete or modify discovery responses. Additionally, it is possible that some limited additional discovery could be required as a remedy for responses the Court, as a result of the pending motions, finds are incomplete, improper or delayed. Following the Court's rulings on the pending motions, the Court will hold a hearing with counsel to discuss what, if any, additional discovery is required. The current deadlines for submitting confidential settlement statements, expert disclosures, and dispositive motions, are suspended and will be re-set at that hearing. To this extent only, the motion is **GRANTED**.

**IT IS SO ORDERED.**

Dated this 3rd day of April, 2012.

                                           S/ KENNETH G. GALE
                                           Kenneth G. Gale
                                           United States Magistrate Judge